UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

MARK HORNE, an individual, and
JULIE MARTIN-HORNE, an individual,

    Plaintiffs,

v.

CARNIVAL CORPORATION,
a foreign corporation d/b/a
CARNIVAL CRUISE LINE and
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, MARK HORNE, an individual (hereinafter, "Horne"), and JULIE MARTIN-HORNE ("Martin-Horne"), an individual (collectively, "Plaintiffs"), through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, file this Complaint and Demand for Jury Trial against Defendant CARNIVAL CORPORATION, a foreign corporation d/b/a CARNIVAL CRUISE LINE and CARNIVAL CRUISE LINES ("Carnival" or "Defendant"), and state as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Horne is *sui juris* and is a citizen of the State of Georgia.

2. Plaintiff Martin-Horne is *sui juris* and is a citizen of the State of Georgia.

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

1

3. Defendant Carnival is a foreign corporation that is incorporated in Panama and is authorized to conduct, and does conduct, business in the State of Florida. At all times material hereto, Defendant Carnival maintained its principal place of business in Miami-Dade County, Florida, and is otherwise *sui juris*. As such, this Court has general personal jurisdiction over Defendant Carnival.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendant.

5. Venue of this action is appropriate in the United States District Court in and for the Southern District of Florida, pursuant to 28 U.S.C. § 1391.

6. Additionally, personal jurisdiction and venue are proper against Defendant Carnival pursuant to Section 12 of Defendant Carnival's passenger ticket contract, a copy of which is attached hereto as Exhibit "A", which requires this action to be brought in this Court, subject matter jurisdiction notwithstanding.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**General Allegations**

8. Plaintiff Horne is a heavy machinery operator who resides and works in Georgia.

9. Plaintiff Martin-Horne was at the time of the incident, and is currently, the lawful spouse of Plaintiff Horne.

10. On June 20, 2015, Plaintiffs and Martin-Horne's parents were passengers aboard one of Defendant Carnival's cruise ships, the *Carnival Fascination*, for a five-night cruise to the

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

2

Bahamas to celebrate Plaintiffs' honeymoon and Martin-Horne's parents' 50th wedding anniversary.

11. Upon knowledge and belief, Defendant Carnival owned and operated the *Carnival Fascination* at all material times hereto.

12. On the night of June 20, 2015, while entering the ship's cabin from an outside area known as Lido Deck, a metal door abruptly swung and violently slammed shut on Plaintiff Horne's hand, crushing it, traumatically amputating the fifth finger of his dominant hand at the level of the distal interphalangeal joint. The metal door that crushed Plaintiff Horne's hand was located in a place that passengers were invited and/or reasonably likely to visit. Hereinafter, the metal door that crushed Plaintiff Horne's hand, including the dangers and hazards posed by the metal door, shall be known as the "Dangerous Condition".

13. As a result of the injury to his hand, Plaintiff Horne spent several hours in the ship's infirmary before being transported to Cape Canaveral Hospital in Cocoa Beach, Florida, for surgery. Upon evaluation of Plaintiff Horne's mangled hand, medical staff did not re-attach the small finger, but rather focused their efforts on treating the remaining parts of the hand.

14. Subsequently, Plaintiff Horne underwent, and continues to undergo, significant medical treatment towards the rehabilitation of his injured hand.

15. As a result of the gruesome injury to his hand, unexpected loss of his finger, and extensive medical treatment, Plaintiff Horne has experienced significant pain and suffering, including, but not limited to, vibratory pain, phantom pain, and loss of sensation on the

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

3

distal portion of the knuckle nub. Plaintiff Horne's pain is particularly acute when performing functions necessary for his employment as a heavy equipment operator.

16. As a result of the injury to his hand and consequent medical treatment, Plaintiff Horne has lost significant use of his dominant hand, as exhibited by drastically reduced grip strength, range of motion, and dexterity. For example, Plaintiff Horne cannot grab and hold a cup with his right hand. Medical evaluation has revealed that Plaintiff Horne's total extremity impairment is 30%, with a total body impairment is 18%. Due to the little finger's importance for a hand's grip strength, range of motion, and dexterity, the amputation of Plaintiff Horne's little finger renders him permanently impaired.

17. As an operator of heavy machinery, Plaintiff Horne has missed time from work, has lost wages, and has been unable to perform all employment tasks. Plaintiff Horne's temporary disability has affected, and will continue to affect, his ability to work and earn the income on which his family depends.

### Count I
### NEGLIGENCE
### *By Plaintiff Horne*

18. Plaintiff Horne hereby re-alleges and incorporates paragraphs 1–17 above as if fully set forth herein.

19. Defendant Carnival owed a duty to exercise reasonable care, under the circumstances, to provide for the safety of its passengers. As Plaintiff Horne was a passenger aboard the *Carnival Fascination* at the time of the injury, Defendant Carnival owed Plaintiff Horne a duty to exercise reasonable care to ensure Plaintiff Horne's safety. This duty includes, but is not limited to, Defendant Carnival's duty to warn of dangers known to Defendant

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

4

Carnival, as a carrier, in places where Plaintiff Horne, as a passenger, was invited to or reasonably should have been expected to visit. Moreover, this duty includes compliance with all applicable standards, statutes, and/or regulations, the violation of any of which is negligence per se and/or evidence of negligence.

20. Defendant Carnival had actual knowledge of the Dangerous Condition on the premises of the *Carnival Fascination* by virtue of the previous occurrence of injuries to passengers and/or employees caused by the Dangerous Condition. Thus, the harm posed to passengers, including Plaintiff Horne, by the Dangerous Condition was reasonably foreseeable.

21. Additionally, Defendant Carnival had constructive knowledge of the Dangerous Condition on the premises of the *Carnival Fascination* due to the length of time the dangerous condition existed and by virtue of the ongoing, repetitive, and/or recurring nature of the Dangerous Condition. Thus, the harm posed to passengers, including Plaintiff Horne, by the Dangerous Condition was reasonably foreseeable.

22. Alternatively, notice of the Dangerous Condition is not required because Defendant Carnival engaged in and was guilty of negligent inspection and maintenance of the *Carnival Fascination* premises, negligent methods of operation of the *Carnival Fascination*, and/or negligent hiring, supervising, and retaining its crew responsible for the maintenance and inspection the *Carnival Fascination* premises.

23. Defendant Carnival breached its duty of care to provide a reasonably safe premises under the circumstances to Plaintiff Horne by:
    a. Failing to comply with all applicable standards, statutes, and/or regulations regarding the safety of the premises of the cruise ship *Carnival Fascination*;

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

5

    b. Failing to maintain the premises of the *Carnival Fascination* in a reasonably safe condition under the circumstances;

    c. Failing to inspect the premises or to implement a method of operation and inspection that would reasonably prevent the Dangerous Condition from arising;

    d. Failing to institute adequate policies by which Defendant Carnival would make safe a hazardous condition on its premises once identified;

    e. Failing to remedy the Dangerous Condition upon Defendant Carnival's actual and/or constructive knowledge of the Dangerous Condition;

    f. Failing to warn passengers, including Plaintiff Horne, who were invited to use or reasonably should have been expected to use the metal door that crushed Plaintiff Horne's hand and, as such, were exposed to the Dangerous Condition.

24. Defendant Carnival's violation of its duty of care to provide a reasonably safe premises actually and proximately caused Plaintiff Horne's damages, which include economic and non-economic losses.

25. As a result of Defendant Carnival's negligence, Plaintiff Horne has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and medical care, loss of earnings, and loss of ability to earn money. These losses have occurred, are ongoing, are permanent, and/or will continue into the future.

WHEREFORE, Plaintiff Horne respectfully requests judgment in his favor and against Defendant Carnival for compensatory, incidental, and consequential damages in an amount to be determined at trial, plus interest, costs, and all such other relief as this Court deems appropriate.

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

6

## Count II
## LOSS OF CONSORTIUM
### *By Plaintiff Martin-Horne*

26. Paragraphs 1 through 25 are hereby realleged and incorporated herein.

27. Plaintiff Martin-Horne is legally entitled to recover damages from Defendant Carnival.

28. Plaintiff Martin-Horne was at the time of the incident, and is currently, the lawful spouse of Plaintiff Horne.

29. As a direct and proximate cause of the incident and the significant and permanent injuries of Plaintiff Horne caused by the negligence and conduct of Defendant Carnival, as set forth herein, Plaintiff Martin-Horne has been deprived of the care, comfort, companionship, love and affection, society, solace, custody, sexual relations, services, and earnings of her spouse, Plaintiff Horne, as well as out of pocket medical expenses. The aforementioned losses are continuing in nature and Plaintiff Martin-Horne will suffer such losses in the future.

WHEREFORE, Plaintiff Martin-Horne respectfully requests judgment in her favor and against Defendant Carnival for compensatory, incidental, and consequential damages in an amount to be determined at trial, plus interest, costs, and all such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

SUBMITTED this 23rd of May, 2016.

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

7

**FERRELLE BURNS, P.A.**
*/s/ J. Rice Ferrelle, Jr.            /*
**J. Rice Ferrelle, Jr.**
Florida Bar No. 835811
rferrelle@ferrelleburns.com
320 1st Street North, Suite 611
Jacksonville Beach, FL 32250
Tel. (904) 372-4177
Facs. (904) 853-6984
*Counsel for Plaintiffs*

**SUTHERS LAW FIRM**
**John E. Suthers**
Pro Hac Vice Application Filed and Pending
jes@sutherslaw.com
**D. Adam Harper**
Pro Hac Vice Application Filed and Pending
adam@sutherslaw.com
119 W. Perry Street
Savannah, GA 31401
Tel. (912) 232-6767
Facs. (912) 232-1958
*Counsel for Plaintiffs*

FERRELLE BURNS, P.A.
320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250
Tel. (904) 372-4177  Facs. (904) 853-6984

8