UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-21842-JLK

MARK HORNE,

    Plaintiff,

v.

CARNIVAL CORPORATION, a foreign
Corporation doing business as
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S *DAUBERT* CHALLENGES TO PLANITIFF'S EXPERTS AS TO RANDALL JAQUES AND DENYING AS TO THOMAS HORN, MD

**THIS MATTER** comes before the Court upon Defendant's *Daubert* Challenges to Plaintiff's Experts (DE #35), filed on October 10, 2017. Plaintiff filed his Response in Opposition (DE #40) on October 24, 2017; Defendant filed its Reply (DE #48) on October 27, 2018. As this case is set for trial on February 19, 2019 (DE #71), this matter is ripe for disposition.

## BACKGROUND

Plaintiff retained Randall Jaques as an expert witness regarding Defendant's liability in his injury on the door to the *lido deck* of Defendant's cruise ship. Jaques is a private marine safety and security consultant with a background as a "security chief" at Carnival from 1990–92, Norwegian Cruise Line from 2001–03, Disney Cruise Line in the latter part of 2004, and Holland America Line (a subsidiary of Carnival) from 2005–06 (DE #43-1, at 2–3). He reviewed seven videos and thirty-one photos of the cruise ship door to the *lido deck* (*id.* at 4). Jaques's opinions regarding this case include the following:

> "[The cruise ship door] is an obvious shipboard hazardous piece of equipment. Mr. Horne would not be aware of this hazard, only the ship's command would be aware of it . . . Routine inspections as done throughout the industry would have immediately found the problem, documented it and made corrective action to the hinge"

(*id.* at 8).

Plaintiff retained Thomas W. Horn, MD, as an expert witness regarding his future need for additional surgeries as a consequence of his amputated finger. Dr. Horn is a hand surgeon certified by the American Board of Surgery and the American Board of Plastic Surgery (DE #40-4, ¶ 1). He physically examined Plaintiff, and reviewed his medical records (DE #40-4, ¶ 3). Dr. Horn's opinions in this case include the following: "It is my opinion, to a reasonable degree of medical certainty, that Mark Horne will, more likely than not, require the future surgical procedures laid out in my letter" (DE #40-4, ¶ 4). Specifically, Dr. Horn writes that "the patient may eventually require a secondary surgery . . . any time within the next 10-20 years . . . as [he] remodels his amputated bone and as his neurologic system learns to deal with the amputation" (DE #35-2, at 2). According to Dr. Horn, the secondary surgery would be for potential "significant pain to the touch" or blood flow issues (*see id.*).

## LEGAL STANDARD

The admission of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

2

> (d) the expert has reliably applied the principles and methods to the facts of the case.

"The inquiry envisioned by Rule 702 . . . is a flexible one. . . . The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594–95 (1993). The importance of *Daubert*'s gatekeeping requirement cannot be overstated. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). As the Supreme Court framed it in *Kumho Tire:* "[T]he objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Frazier*, 387 F.3d at 1260 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)). The district court's role is especially significant since the expert's opinion can be both powerful and quite misleading because of the difficulty in evaluating it. *Frazier*, 387 at 1260 (internal quotations and citations omitted). Indeed, no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case, and based upon otherwise inadmissible hearsay if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." *Frazier*, 387 F.3d at 1260 (quoting Federal Rule Evidence 703).

Thus, it comes as no surprise that in determining the admissibility of expert testimony under Rule 702, we engage in a rigorous three-part inquiry. *Id.* Trial courts must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific,

technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998) (citing *Daubert*, 509 U.S. at 589). The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion. *Frazier*, 387 F.3d at 1260.

## DISCUSSION

### I. Randall Jaques

Plaintiff has failed to meet his burden under Federal Rule of Evidence 702 and *Frazier* with regard to Mr. Jaques's qualification, reliability, or helpfulness as an expert witness.

First, Mr. Jaques's experience is as a security officer on cruise ships. He does not claim to have training as an engineer to calculate scientific equations in support of his opinions on door closing speed. Even with regard to his experience as a security officer on cruise ships, he does not claim to have relevant specialized expertise, such as being responsible for repairing the doors. Accordingly, Mr. Jaques's experience does not qualify him to be an expert on Defendant's liability in this case.

Moreover, Mr. Jaques does not employ a reliable methodology. As Defendant notes, Mr. Jaques "does not articulate a single industry standard in his report" (DE #35, at 4). Mr. Jaques's reported methodology of reviewing videos and pictures of the cruise ship door to the *lido deck* is wholly unstandardized. In contrast, the methodology of an automobile accident reconstructionist, the subject of several cases Plaintiff cites, is scientifically sound because it is standardized, and includes the review of the totality of evidence available in the case. *E.g., Miles v. Gen. Motors Corp.*, 262 F.3d 720, 724 (8th Cir. 2001).

Finally, the jury does not need Mr. Jaques to view videos and pictures or review other admissible evidence, such as of industry standards or guidelines, to determine if Defendant

4

violated a duty it owed to Plaintiff. The Court agrees that the fact that "wind can affect the speed at which a door closes . . . is a matter of common knowledge and understanding" (DE #48, at 7). Moreover, as Defendant notes, "[a] jury is just as capable as Mr. Jaques at evaluating Plaintiff's narrative and theories of liability" (DE #35, at 6). Therefore, opinion testimony such as Plaintiff proposes to offer through Mr. Jaques is not needed or helpful to the jury.

## II.     Thomas W. Horn, MD

In contrast, Plaintiff has met his burden under Federal Rule of Evidence 702 and *Frazier* with respect to Thomas W. Horn, MD. Dr. Horn, as a Board-certified hand surgeon, is qualified to testify as an expert. Further, his testimony is reliable in that he employs a scientific methodology in his assessment of Plaintiff's impairment and future surgical needs (*see* DE #35-2). As such, his testimony will be helpful to jury members, who would otherwise be unable to assess that issue.[1]

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's *Daubert* Challenges to Plaintiff's Experts **(DE #35)** is hereby **GRANTED as to Randall Jaques** and **DENIED as to Thomas W. Horn, MD**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 26th day of September, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    **All counsel of record**

---

[1] Even if Plaintiff supplemented Dr. Horn's testimony after the deadline, Defendant does not allege that this prejudiced them in conducting discovery (*see* DE #48, at 7–8); therefore, the Court does not consider that issue here.

5